UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TIMOTHY BROWN,

   Plaintiff,

            CASE NO.:

vs.

DWMG REAL ESTATE
SERVICES, LLC, A GEORGIA
LIMITED LIABILITY
COMPANY,

   Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, TIMOTHY BROWN, by and through the undersigned attorney, sues the Defendant, DWMG REAL ESTATE SERVICES, LLC, a Georgia Limited Liability Company, and alleges:

1. Plaintiff was an employee of Defendant and brings this action for unpaid overtime compensation, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

## GENERAL ALLEGATIONS

2. Plaintiff worked for Defendant in security from approximately September 2011 to May 2016.

3. Plaintiff worked for Defendant in Atlanta, Georgia.

4. Defendant, DWMG REAL ESTATE SERVICES, LLC, is a Georgia Limited Liability Company that operates and conducts business in Atlanta, Georgia and is therefore, within the jurisdiction of this Court.

5. This action is brought under the FLSA to recover from Defendant overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

6. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA and the authority to grant declaratory relief under the FLSA pursuant to 28 U.S.C. §2201 et seq.

7. During Plaintiff's employment with Defendant, Defendant earned more than $500,000.00 per year in gross sales.

8. During Plaintiff's employment with Defendant, Defendant employed two or more employees which handled goods, materials and supplies which had travelled in interstate commerce.

9. Included in such goods, materials and supplies were computers, telephones, office equipment and furniture, as well as numerous other goods, materials and supplies which had been carried in interstate commerce.

10. Therefore, Defendant is an enterprise covered by the FLSA, and as

defined by 29 U.S.C. §203(r) and 203(s).

## FLSA VIOLATIONS

11. At all times relevant to this action, Defendant failed to comply with the FLSA by failing to pay Plaintiff complete overtime compensation for overtime hours worked.

12. Defendant paid Plaintiff by the hour for his work performed for Defendant.

13. However, when Plaintiff worked overtime hours, instead of paying Plaintiff time and one-half of his hourly rate for these overtime hours, Defendant only paid Plaintiff his regular hourly rate for such hours.

14. Defendant paid Plaintiff on a bi-weekly basis.

15. Attached as Composite Exhibit A are examples of Plaintiff's pay stubs which show him being straight time for all hours, including overtime hours, worked.

16. Defendant's pay practices violate the FLSA by failing to pay Plaintiff time and one-half his hourly rate for Plaintiff's overtime hours worked.

17. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendant.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

18. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-17 above.

19. Plaintiff was entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week.

20. During his employment with Defendant, Plaintiff worked overtime hours but was not paid time and one-half compensation for same. *See* ¶¶ 11-16.

21. Defendant did not have a good faith basis for its decision to not pay complete overtime compensation to Plaintiff for his overtime hours worked.

22. As a result of Defendant's intentional, willful and unlawful acts in refusing to pay Plaintiff complete overtime compensation, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

23. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

24. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, TIMOTHY BROWN, demands judgment against Defendant for unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief,

and any and all further relief that this Court determines to be just and appropriate.

Dated this 29th day of July, 2016.

/s/ C. RYAN MORGAN
C. Ryan Morgan, Esq.
Georgia Bar No. 711884
Morgan & Morgan, P.A.
20 N. Orange Ave., 14th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone: (407) 420-1414
Facsimile: (407) 245-3401
Email: RMorgan@forthepeople.com
*Attorneys for Plaintiff*
